UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS TRAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PAUL THOMPSON,<br><br>　　　　Respondent. | No.  2:21-cv-1707 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner has filed an application for a writ of habeas corpus under 28 U.S.C. § 2241 and has paid the filing fee. The petition filed on September 20, 2021 is before the court for screening. (ECF No. 1.) Petitioner claims he is entitled to relief under the First Step Act of 2018 ("FSA") in the form of additional credits, and, as a result, immediate transfer to elderly offender home detention and mandatory home confinement. Petitioner has filed a motion for a preliminary injunction seeking the same relief. (ECF No. 2.)

**I. Petition**

Petitioner alleges the following facts in support of his petition: (1) the FSA provisions at issue are effective on January 15, 2022 under the Bureau of Prison's policy; (2) petitioner's "good conduct time release date" is January 26, 2026; (3) his estimated "elderly offender home detention release date" is March 16, 2023; (4) he has earned 930 days of "productive activities" since December of 2018, for a total of 465 days of earned time credits under the FSA; and (5)

1

1  under these calculations, he has already reached his adjusted release date to elderly offender home
2  detention and mandatory home confinement. (ECF No. 1 at 24.) Since petitioner may be entitled
3  to the requested relief if the claimed violation of constitutional rights is proved, respondent will
4  be directed to file an answer or a motion to dismiss.

### II.  Motion for Preliminary Injunction

A court may issue a preliminary injunction on notice to the adverse party. Fed. R. Civ. P. 65(a). Because a preliminary injunction is an extraordinary remedy, "the facts and law [must] clearly favor the moving party." Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotation marks omitted).

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Under the "serious questions" variation of the test, a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Petitioner does not meet the burden under either formula. The motion for a preliminary injunction relies on the factual assertions set forth in the petition and described above as to petitioner's claimed participation in activities for which he earned time credits, as well as the amount of earned time credits he thereby accrued. (See ECF No. 1 at 8-9, 24.) However, the record before the court is inadequate for the court to make such factual determinations.

In addition, the motion for a preliminary injunction and petition both seek the same relief. Because a determination of facts is necessary for any relief to issue, both the motion and the petition must be briefed before a ruling on the merits can issue. Under the present circumstances, an order of preliminary injunction would not offer petitioner any relief before a ruling on the petition would be reached. Instead, as briefing would run concurrently, were petitioner to ultimately prevail, an order of preliminary injunction would be made superfluous by a grant of

2

habeas corpus relief. Thus, petitioner has not shown that, in the absence of a preliminary injunction, he "is likely to suffer irreparable harm before a decision on the merits can be rendered." See Winter, 555 U.S. at 22.

In accordance with the above, IT IS HEREBY ORDERED:

1. Respondent is directed to file an answer or a motion to dismiss within sixty days from the date of this order. If an answer is filed, respondent shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application.

2. Petitioner's traverse, if any, is due on or before thirty days from the date respondent's answer is filed; an opposition to a motion to dismiss is due within thirty days of service of the motion to dismiss; and

3. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

In addition, IT IS RECOMMENDED that the motion for preliminary injunction (ECF No. 2) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 24, 2022

DLB7
tran1707.100.2241fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3