UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS TRAN, | No. 2:21-cv-1707 KJM DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PAUL THOMPSON, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner claims he is entitled to relief under the First Step Act of 2018 in the form of additional sentence credits. Specifically, petitioner alleges he has accrued earned time credits which the Bureau of Prisons ("BOP") has not applied to his sentence.

Respondent filed a response and motion to dismiss. (ECF No. 9.) Respondent argues the petition should be dismissed based on lack of Article III standing and ripeness, lack of jurisdiction, petitioner's failure to exhaust his administrative remedies, and because there is no statutory authority to compel the Bureau of Prisons to perform a discretionary act. Petitioner filed an opposition to the motion to dismiss. (ECF No. 11.) For the reasons that follow, the undersigned recommends the court grant respondent's motion to dismiss based on lack of ripeness and failure to exhaust administrative remedies.

**I. Legal Standards for Motion to Dismiss**

A district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. See 28 U.S.C. § 2241. A petition challenging the manner, location, or conditions of a sentence's execution is brought under section 2241 in the custodial court. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The United States Bureau of Prisons' ("BOP") calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. See Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).

The court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules") to a motion to dismiss a habeas petition brought under 28 U.S.C. § 2241. E.g., Battle v. Holbrook, No. 2:20-cv-01851-JAM-JDP, 2021 WL 4132336, at *1 (E.D. Cal. Sept. 10, 2021; see Habeas Rules, Rule 1(b), ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). Under Habeas Rule 4, the court evaluates whether it "plainly appears" the petitioner is not entitled to relief and, if so, recommends dismissal of the petition. See Habeas Rules, Rule 4.

In ruling on a motion to dismiss, the court "accept[s] the factual allegations in the [petition] as true and construe[s] the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). Exhibits attached to a complaint are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

**II. The First Step Act**

The First Step Act of 2018 ("FSA") made several important changes to the duration of federal prison sentences. See Pub. L. No. 115-391, 132 Stat. 5194 (2018). Relevant here, the FSA allows eligible prisoners to earn time credits against their sentences for successfully completing certain programs or productive activities by awarding them, inter alia, "10 days of time credits..." and "an additional 5 days of time credits for every 30 days of successful participation" if the prisoner is classified as a minimum or low risk of recidivism. 18 U.S.C. § 3632(d)(4).

Pertaining to these earned time credits, the BOP had until January 15, 2022, to "phase in" programming to provide evidenced based recidivism reduction programs and productive activities for all prisoners. See Khouanmany v. Gutierrez, No. 5:21-cv-00989-JFW-JDE, 2021 WL 4394591, at *4 (C.D. Cal. Aug. 2, 2021); 18 U.S.C. § 3621(h)(2)(A-B). The BOP implemented its final agency rules regarding the earning and awarding of earned time credits under the FSA on January 19, 2022. See 87 Fed. Reg. 2,705-01, 2022 WL 159155 (F.R.) (codified at 28 C.F.R. §§ 523.40-523.44) (explaining "[t]he final rule adopts… [an] approach that is consistent with the FSA's goal ..." by awarding ten days of FSA time credits "[f]or every thirty-day period that an eligible inmate successfully participates in EBRR Programs or PAs....").

### III. Ripeness

In support of the motion to dismiss, respondent submitted a declaration from Christopher Liwag, a Senior Correctional Program Specialist for BOP's Western Region, who has reviewed petitioner's BOP records. (ECF No. 9-1.) Pointing to the declaration, respondent asserts there is no "case or controversy" for the court to adjudicate because "neither [p]etitioner's custodial status nor custody term has been impacted by any BOP action." (ECF No. 9 at 3.)

According to Article III of the United States Constitution, federal courts have jurisdiction over "cases" and "controversies." As a threshold jurisdictional matter, parties are required to have an actual controversy that "make[s] resolution of the controverted issue a practical necessity." See Poe v. Ullman, 367 U.S. 497, 502-05 (1961). This requirement of ripeness serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977). A claim is not yet ripe for judicial review "if it involves contingent future events that may not occur as anticipated, or indeed may not occur at all." United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009) (quoting Thomas v. Union Carbide Agr. Prods. Co., 473 U.S. 568, 580-81 (1985)).

////

Here, the BOP has not yet calculated petitioner's earned time credits because the agency has chosen to calculate FSA sentencing credits on a rolling basis, with earlier anticipated release dates being given priority, and petitioner's release date of January 26, 2026, was still slightly too far in the future. (ECF No. 9-1 at 2, 11 (Declaration of Christopher Liwag).) See 87 Fed. Reg. 2,705-01, 2022 WL 159155 (explaining that a "phased-in approach is appropriate and warranted, given that the FSA has been the most impactful congressional action taken concerning the Bureau of Prisons in recent years, requiring major changes to existing systems and processes, the development of new systems, and changes that apply to approximately 130,000 current inmates."). At the time of the declaration, no earned time credit calculations had occurred for petitioner because his projected release date was "approximately 4 years" away, but it was "expected such calculations will occur within the next several months." (ECF No. 9-1 at 11.)

At this juncture, the court has no way of knowing how the BOP will calculate petitioner's earned time credits. To the extent petitioner alleges he has accrued specific earned time credits, petitioner is essentially seeking an advisory opinion from this court. See, e.g., Flast v. Cohen, 392 U.S. 83, 96 (1968) (emphasizing that "federal courts will not give advisory opinions") (internal citation omitted). This matter is not ripe for adjudication. See Streich, 560 F.3d at 931 (case not ripe if it hinges "upon contingent future events that may not occur as anticipated...."); see also Garcia v. Thompson, No. 2:21-CV-01852-KJM-CKD-P, 2022 WL 1190568, at *3 (E.D. Cal. Apr. 21, 2022) (finding no case or controversy and a lack of ripeness where BOP had not yet calculated the petitioner's claimed earned time credits under the FSA), report and recommendation adopted, 2022 WL 2110762 (E.D. Cal. June 10, 2022).

**IV.  Exhaustion**

Petitioner has also failed to exhaust administrative remedies, which should not be excused in this case. Although 28 U.S.C. § 2241 does not itself contain an exhaustion requirement, Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), for prudential reasons, section 2241 petitioners are generally required to exhaust their administrative remedies prior to seeking habeas relief. Singh v. Napolitano, 649 F.3d 899, 900 (9th Cir. 2011); see also Laing v. Ashcroft, 370 F.3d 994, 997-98 (9th Cir. 2004) (exhaustion of a prescribed remedy can be judicially required).

Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP. See Quinonez v. McGrew, 649 F. App'x 475 (9th Cir. 2016).

Courts have discretion to waive the exhaustion requirement when administrative remedies are inadequate, when their exercise would be futile, or when irreparable injury would result without immediate judicial intervention. See Laing, 370 F.3d at 1000; Ward, 678 F.3d at 1045; see also Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("'[a]pplication of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion,' [and] is not lightly to be disregarded.") (citation omitted). A "key consideration" is whether "'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'" Laing, 370 F.3d at 1000 (citation omitted).

Pointing to the declaration by Christopher Liwag, respondent asserts petitioner has not exhausted a BOP administrative remedy request seeking FSA earned time credits. Specifically, although petitioner has submitted two administrative remedy requests at the institution level, he did not appeal either of those denials to the regional and national levels as required to exhaust BOP's administrative remedy procedure. (ECF No. 9-1 at 3.)

Petitioner argues exhaustion should be excused in this case. (ECF No. 11 at 2.) In order to assert his claim, however, petitioner makes factual assertions as to his claimed participation in activities for which he earned time credits and the amount of earned time credits he thereby accrued. (ECF No. 1 at 1, 9.) These factual assertions are not undisputed. (See ECF No. 9-1 at 7 (stating not every program or activity will qualify for credit).)

In light of the necessity for factual determinations regarding the calculation of petitioner's earned time credits to be made in order to reach the merits of the petition, prudential concerns

1   weigh against excusing compliance with the exhaustion requirement. See Chua Han Mow v.
2   United States, 730 F.2d 1308, 1313 (9th Cir. 1984). Other district courts in this circuit to consider
3   the exhaustion issue as it applies to similar claims for earned time credits under the FSA have
4   declined to waive exhaustion. See, e.g., Lister v. Gatt, No. 5:21-cv-0957-VBF-GJS, 2021 WL
5   4306316, at *6 (C.D. Cal. Sept. 22, 2021); Phares v. Bradley, No. 2:20-cv-10715-GWG-JS, 2021
6   WL 3578674, at *8 (C.D. Cal. Apr. 22, 2021).[1]

7       The assessment of whether a prisoner's programming qualifies for earned time credit
8   under the FSA, and if so, to what extent, falls particularly within the BOP's expertise. This
9   assessment should be undertaken by the agency before a federal court is asked to make such
10  assessment and calculations on an undeveloped record. Exhaustion would allow the BOP the
11  opportunity to grant the relief sought, if warranted, but even if no relief were forthcoming,
12  exhaustion would allow the BOP to explain why not. See Woodford v. Ngo, 548 U.S. 81, 93
13  (2006). In addition, to the extent petitioner was on notice of the exhaustion requirement before he
14  filed the petition, waiving the exhaustion requirement would encourage deliberate bypass of the
15  administrative remedy scheme within the meaning of Laing's caveat. Considering the applicable
16  law and all the circumstances, this is a situation in which the administrative exhaustion
17  requirement should not be waived.

18  **IV. Conclusion and Recommendation**

19      The petition should be dismissed on grounds that it is unripe and unexhausted. In light of
20  this recommendation, and in the interests of judicial economy, the undersigned finds it
21  unnecessary to address the remaining grounds raised in respondents' motion to dismiss.

22      In accordance with the above, IT IS RECOMMENDED:

23      1. Respondent's motion to dismiss (ECF No. 9) be GRANTED;

24  ////

---

[1] But see Goodman v. Ortiz, No. 20-7582 (RMB), 2020 WL 5015613, at *2 (D. N.J. Aug. 25, 2020) (excusing non-exhaustion in a case in which the petitioner asserted—and respondent did not dispute—that the earned credits claimed by the petitioner were properly counted and had been earned). As set forth, in this case, in contrast, the amount of credits earned and manner of application is not undisputed.

    2. The petition for writ of habeas corpus under 28 U.S.C. § 2241 be DISMISSED without prejudice; and

    3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 8, 2022

*[Signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
tran1707.mtd